IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE          *   MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS      *
                                       Case Nos.
LIABILITY LITIGATION               *   4:13-cv-31 (Mandeville)

_____

<u>O R D E R</u>

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Marie Mandeville was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mandeville brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mandeville also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on Mandeville's claims, contending that they are time-barred. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 40 in 4:13-cv-31) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence

is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Dr. Warren Hitt implanted Marie Mandeville with ObTape on March 21, 2005. Later that year, Mandeville developed malodorous vaginal discharge and vaginal bleeding. Her symptoms got progressively worse, and she visited her gynecologist. The gynecologist told Mandeville that her ObTape had eroded into her vagina and suggested that Mandeville follow up with Dr. Hitt. Dr. Hitt confirmed the erosion diagnosis on January 18, 2007 and told Mandeville that he would have to remove the eroded ObTape. Dr. Hitt removed the eroded ObTape on January 30, 2007. After the surgery, Dr. Hitt told Mandeville that when he touched the area where the tape eroded "it was friable and it pretty much deteriorated in his hand." Mandeville Dep. 89:15-18, ECF No. 40-5. He also told her that he "had to do some reconstruction in order to cover the area that had eroded." *Id.* at 89:18-19.

Mandeville is a Florida resident whose ObTape-related treatment took place in Florida. She filed her action on January

29, 2013, asserting claims for negligence, strict liability - design defect, strict liability – manufacturing defect, strict liability – failure to warn, breach of implied warranties, breach of express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.

## DISCUSSION

Mandeville filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Mandeville is a Florida resident whose ObTape-related treatment took place in Florida, and the parties agree that Florida law applies to her claims. Mentor contends that all of Mandeville's claims are time-barred.

Florida has a four-year statute of limitations for product liability actions.[1] Fla. Stat. § 95.11(3)(e). The statute of limitations begins to run "from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(3). For the statute of limitations to begin running, a plaintiff must know that she suffered an injury and have enough

---

[1] This four-year limitations period applies regardless of the plaintiff's theory of the case. The Court notes that Florida also has a four-year limitations period for fraud, warranty, and negligence actions. Fla. Stat. § 95.11(3)(a), (j) & (k).

information to connect the injury to the defendant's product. *Univ. of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991); *See also Babush v. Am. Home Products Corp.*, 589 So. 2d 1379, 1381 (Fla. Dist. Ct. App. 1991). In *Bogorff*, for example, the statute of limitations for the plaintiffs' product liability claim began to run when the plaintiffs were aware of a dramatic change in their child's condition and of "the possible involvement" of a drug the child had ingested. *Id.* Such injuries "speak for themselves and supply notice of a possible invasion of legal rights." *Norsworthy v. Holmes Reg'l Med. Ctr., Inc.*, 598 So. 2d 105, 108 (Fla. Dist. Ct. App. 1992). Under this Florida precedent, Mandeville's claims accrued by January 2007, when she became aware that she had injuries related to her ObTape.

Mandeville contends, however, that the statute of limitations did not begin to run until she knew that her injuries might have been caused by a *defect* in ObTape. She argues that even though she knew of a connection between ObTape and her injuries by January 2007, her claims did not accrue until 2011 when she saw an internet advertisement regarding mesh complications. Mandeville did not point to any Florida authority establishing that a plaintiff who knows of a connection between her injuries and a product must also be aware that her injuries may have been caused by a product defect before the statute of limitations begins to run. Rather, the Florida cases establish that the limitations

period begins when the plaintiff is aware of an injury and the possible involvement of a product. *See Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991); *cf. Babush*, 589 So. 2d at 1381 (finding that a plaintiff's product liability action accrued when he learned of a potential connection between the drug he ingested and his injuries where the injuries could have arisen due to natural causes *and* there was no reason for the plaintiff to suspect a causal connection between the drug and his injuries until a pharmacist told him the drug could be toxic to the liver). For Mandeville, that was in January 2007. She did not file her claims until approximately six years later, so her claims are barred under the four-year statute of limitations.

## CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 40 in 4:13-cv-31) is granted.

IT IS SO ORDERED, this 4th day of March, 2016.

s/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA